2024 IL App (1st) 232219-U

FIRST DIVISION
January 16, 2024

No. 1-23-2219B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee | ) ) | Cook County. |
| v. | ) ) | No. 23111394401 |
| LIONEL WILLIAMS, | ) ) | Honorable Maryam Ahmad, |
| Defendants-Appellant | ) ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Coghlan concurred in the judgment.

**ORDER**

¶ 1     The defendant-appellant, Lionel Williams, appeals from the circuit court's November 10, 2023, order denying his pretrial release pursuant to section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code) as recently amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(a)(1), (6) (West 2022)), and commonly known as the Pretrial Fairness Act (Act). On appeal, the defendant argues that in contravention of the plain language of the Act, he was not brought before a judge within 48 hours of his arrest. 725 ILCS

5/109-1(a) (West 2022). For the following reasons, we affirm.

¶ 2                                    II. BACKGOUND

¶ 3      The defendant was arrested at approximately 2:14 p.m., on November 8, 2023, and charged with, *inter alia*: (1) being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)); (2) unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)); (3) possession of a controlled substance (720 ILCS 570/401(c)(2) (West 2022)); and (4) aggravated assault with a deadly weapon (720 ILCS 5/12-2(c)(1) (West 2022)). The State's Felony Review Unit approved these charges at approximately 1:31 p.m. on November 9, 2023. The Chicago Police Department gave final approval of those charges at 4:30 p.m. that same day.

¶ 4      On November 10, 2023, the State filed a verified petition seeking to deny pretrial release pursuant to sections 110-2, and 110-6.1(a)(1) of the Act (725 ILCS 5/110-2, 110-6.1(a)(1) (West 2022)), alleging that the defendant was being charged as an armed habitual criminal, which is a detainable Class X felony, and that his pretrial release posed a real and present threat to the safety of the community.

¶ 5      At approximately 3:41 p.m. on November 10, 2023, the defendant was brought before the circuit court and a pretrial detention hearing was held.

¶ 6      At that hearing, the State proffered that at about 1:58 p.m. on November 8, 2023, Chicago police officers responded to the area of 47th Street and Cottage Gove Avenue to investigate a report of an offender pointing a gun at a victim and threatening to kill him. The officers were advised that the offender was an African American male wearing a green jacket, yellow shoes, black jeans, and a black hat. When the officers arrived at the scene, they observed the defendant, who matched the offender's description, walk into a McDonald's. The officers followed the defendant inside and attempted to approach him, but he ran across the restaurant. The officers were

ultimately able to detain the defendant, after which they found several baggies of suspect crack cocaine on his person. In addition, the officers recovered a fully loaded 9 mm handgun in the immediate area of the restaurant where the defendant had fled. There was one bullet in the chamber of the handgun and the handgun had a switch that would render it "fully automatic."

¶ 7     The State further proffered that McDonald's had surveillance video which captured the defendant's attempt to dispose of the firearm, while attempting to flee the police. According to the State, the surveillance video would show the defendant trying to hand off the firearm to a bystander, who refused to take it, ultimately resulting in the firearm landing on the restaurant's floor.

¶ 8     With respect to prior criminal history, the State pointed out that the defendant had four felony convictions, including: (1) a 2018 conviction for aggravated unlawful use of a weapon for which he received six years' imprisonment; (2) a 2007 conviction for possession of a controlled substance for which he received 18 months' imprisonment; (3) a 2005 conviction for aggravated unlawful use of a weapon for which he received three years' imprisonment; and (4) 2003 robbery conviction for which he received probation. In addition, the defendant had a 2015 misdemeanor conviction for aggravated assault for which he was sentenced to probation, which was terminated satisfactorily.

¶ 9     Based on the aforementioned, the State argued that the proof was evident and the presumption great that the defendant committed the charged armed habitual criminal offense, and that pretrial detention was necessary because the defendant was a threat both to his intended victim and to the community.

¶ 10    After the State rested, in mitigation, defense counsel argued that the defendant was 38 years old and a life-long resident of Cook County. According to counsel, the defendant, who was

a high school graduate, lived with and was the sole provider for his girlfriend and two children, and had been employed full-time as a roofer and a landscaper for the past two years. Defense counsel therefore asked the court to release the defendant on electronic monitoring.

¶ 11    At the detention hearing, defense counsel also argued that in contravention of the Act, (725 ILCS 5/109-1 (West 2022)) the defendant was not brought before the judge within 48 hours of his arrest. Specifically, defense counsel pointed out that while the defendant was arrested at approximately 2:14 p.m. on November 8, 2023, he was not brought before the judge until 3:41 p.m. on November 10, 2023, which was an hour and a half after the expiration of the 48-hour statutory deadline.

¶ 12    In response, the State asserted that because the defendant was brought "here" within the 48-hour timeframe, the statute was satisfied. The State further argued:

> "There were multiple cases in front of [us]. Just because he was not brought before your Honor—I mean, you saw the call today. There's a lot of cases. *** The defendant was brought over well within the time period that this offense occurred."

¶ 13    The circuit court found that the State's petition was properly before it and granted the petition, holding that the defendant should be detained pretrial. The defendant filed his notice of appeal on November 27, 2023.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, the defendant does not dispute the circuit court's findings with respect to the necessity for his pretrial detention. Instead, he solely challenges the propriety of the circuit court's order on the basis of the State's failure to bring him before the circuit court within the requisite 48 hours.

¶ 16    The State initially responds that we lack jurisdiction to consider this appeal because it was

untimely filed. The State asserts that because the circuit court's order denying the defendant's pretrial release was entered on November 10, 2023, and the defendant filed his notice of appeal on November 27, 2023, which is outside of the 14-day requisite deadline for filing of such notices, his appeal was untimely, and we are without jurisdiction to consider the merits of his claims. We disagree.

¶ 17    It is axiomatic that "an appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction." *In re J.T.*, 221 Ill. 2d 338, 346 (2006). "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction and is obligated to dismiss it." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Pursuant to Illinois Supreme Court Rule 604(h)(2), which governs appeals from orders denying pretrial release, a defendant is required to file his notice of appeal "in the circuit court within 14 days of the entry of the order from which review is being sought." Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023).

¶ 18    In the present case, because the defendant appeals from the circuit court's November 10, 2023, order, he had 14 days from November 10 to file a timely notice of appeal. While that would make Friday, November 24, the deadline to timely file his notice of appeal, because of the state-observed Thanksgiving holiday, the court was closed on November 24, and the defendant was permitted to timely file his notice of appeal on the next business day, which was Monday, November 27. Since the defendant here filed his notice of appeal on November 27, contrary to the State's position, his appeal was timely filed, and we have jurisdiction to consider it.

¶ 19    Turning to the merits, the defendant argues that we must reverse the circuit court's order denying his pretrial release because he was not brought before the nearest and most accessible judge without "unnecessary delay" within 48 hours of his arrest, as is required under the plain language of section 109-1(a) of the Act. See 725 ILCS 5/109-1(a) (West 2022). He points out that

while he was arrested at approximately 2:14 p.m. on November 8, 2023, and the Felony Review Unit approved his charges by 1:31 p.m. on November 9, 2023, he was not brought before a judge until 3:41 p.m. on November 10, 2023, which was an hour and a half after the expiration of the 48-hour statutory deadline.

¶ 20 The State responds that because the defendant was brought to the courthouse within the 48-hour timeframe and the reason for the minimal delay in his appearance before the judge was that day's busy court docket, there was no "unnecessary delay," and the statutory requirement was met. 725 ILCS 5/109-1(a) (West 2022). For the following reasons, we agree.

¶ 21 It is axiomatic that questions of statutory construction are reviewed *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. In interpreting a statute our primary objective is to ascertain and give effect to the legislature's intent. *People v. Ramirez*, 2023 IL 128123, ¶ 13; *Hernandez v. Lifeline Ambulance, L.L.C.,* 2020 IL 124610, ¶ 16. The best indicator of that intent is the plain and ordinary meaning of the statute's language. *Id*. The words and phrases of a statute must be read in relation to each other and the entire act. *Hernandez*, 2020 IL 124610, ¶ 16. When the language of the statue is clear and unambiguous, it must be applied as written without reliance upon other aids of construction. *Id.*

¶ 22 Section 109-1(a) of the Act, states in pertinent part:

"A person arrested with or without a warrant for an offense for which pretrial release may be denied under paragraphs (1) through (6) of Section 110-6.1 shall be taken without unnecessary delay before the nearest and most accessible judge in that county, except when such county is a participant in a regional jail authority, in which event such person may be taken to the nearest and most accessible judge, irrespective of the county where such judge presides, within 48 hours, and a charge shall be filed." 725 ILCS 5/109-1(a) (West 2022).

¶ 23　Construing the plain language of the aforementioned statute as a whole we believe that when a defendant is brought to a courthouse within 48 hours of his arrest to appear before a judge the requirement that he "*shall be taken* without unnecessary delay to the nearest and most accessible judge *** within 48 hours" is met. (Emphasis added). *Id*. The focus of the statute is on the term "shall be taken," which obligates the State to take the defendant to "the nearest and most accessible judge" within 48 hours and file "a charge." *Id*.  The State fulfills this duty by taking the defendant to the nearest courthouse within 48 hours. At that point, the circuit court's docket controls in which order the defendant shall be heard. Nothing in section 109-1 mandates that the judge hears the defendant's case prior to any other one. Neither subsection (a) nor (b) of section 109-1 imposes a time-restriction on the circuit court's docket. Instead, subsection (b) delineates only those judicial duties that are triggered once a defendant appears before a judge. See 725 ILCS 5/109-1(b) (West 2022) ("*Upon initial appearance of a person before the court*, the judge shall:" *inter alia*, inform the defendant of the charges against him; advise the defendant of his right to counsel or appoint the public defender to represent him; schedule an appropriate preliminary hearing; and admit the defendant to pretrial release).

¶ 24　Accordingly, because the parties here do not dispute that the defendant was "taken" to the courthouse on November 10 for the purpose of appearing before a judge, which occurred within 48 hours of his arrest, we find that there was no violation of the statute.

¶ 25　The defendant nonetheless asserts that there was an "unnecessary delay" because his actual appearance before the judge exceeded the statute's requisite 48-hour timeframe by almost two hours. He asserts that because the Felony Review Unit approved his charges at approximately 1:31 p.m. on November 9, the State had ample opportunity to present him to a judge before 3:41 p.m. on November 10, so as to avoid violating the statute. The defendant further asserts that once at the

courthouse on November 10, the State was required to move the defendant's case up the docket list, so as to permit him to appear before the judge prior to the expiration of the requisite 48 hours. We disagree.

¶ 26    The defendant cites no case law in support of his argument that the minimal delay in his presentment to the court constituted "unnecessary delay" under the statute, or that once at the courthouse the State had the duty or the ability to change the defendant's place on the court's docket. In addition, he provides no argument whatsoever as to how this minimal delay in his presentment could have or did prejudice the outcome of his pretrial detention proceedings, particularly since his case was heard by the judge before the end of that business day.

¶ 27    In the instant case, the record reveals that the defendant was arrested at approximately 2:14 p.m. on November 8, 2023. While the Felony Review Unit approved the defendant's charges around 1:31 p.m. on November 9, 2023, the Chicago Police Department did not give final approval of those charges until 4:30 p.m. on that same date. Accordingly, contrary to the defendant's position, it was impossible for the defendant to be transported to a courthouse for appearance before a judge on November 9, 2023.

¶ 28    The record further reveals that the defendant was brought to the courthouse on November 10, where he appeared before a judge at 3:41 p.m. On that same date, the State filed charges against the defendant and its petition for his pretrial detention was heard. That the court did not hear the defendant's case prior before 3:41 p.m. was explained by its full docket. Specifically, during arguments before the circuit court, the State pointed out that the court call had "a lot of cases," and "there were multiple cases in front of the defendant's case." Under these circumstances, we find that defendant was taken "to the nearest and most accessible judge" within 48 hours of his arrest and without any "unnecessary delay." 725 ILCS 5/109-1(a) (West 2022).

¶ 29    In coming to this conclusion, we further find the decision of our supreme court in *People v. Ballard*, 206 Ill. 2d 151, 177 (2002), interpreting a previous version of section 109-1, instructive. Under that version, which predates the Pretrial Fairness Act, there was no 48 hour-timeframe for presenting defendants to the trial court for the filing of charges. See 725 ILCS 5/109-1(a) (West 1996). Instead, the requirement was that "[a] person arrested with or without a warrant" be "taken without unnecessary delay before the nearest and most accessible judge." *Id*. In analyzing this statutory provision in the context of determining the voluntariness of confessions obtained prior to a defendant's presentment before a judge, our supreme court held that "some latitude is allowed" in determining whether a defendant was presented to the judge "without unnecessary delay." *Ballard*, 206 Ill. 2d at 177. The supreme court further explained that "[p]resentment to a judge need be performed only with such reasonable promptness as the circumstances permit." *Id*.

¶ 30    While we recognize that since the passage of the Pretrial Fairness Act the statute has been amended to include a 48-hour deadline, we believe that the continued inclusion of the "without unnecessary delay" language signals the legislature's intent to permit for "some latitude" in fulfilling that deadline. *Ballard*, 206 Ill. 2d at 177. Accordingly, under the particular facts of this case, and considering *Ballard*, we believe that the defendant's presentment to the judge was "performed *** with all reasonable promptness" permitted under the circumstances. *Id*. Accordingly, there was no violation of the statute.

¶ 31    We therefore affirm the judgment of the circuit court.

¶ 32    Affirmed.