2024 IL App (1st) 240405-U

SIXTH DIVISION
May 10, 2024

No. 1-24-0405B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 24 MC 1107913 |
| | ) | |
| ALFREDO GARDUNO, | ) | The Honorable |
| | ) | Barbara Dawkins, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: The decision of the trial court is affirmed. Even though the defendant did not appear for a pretrial detention hearing within 48 hours, he was brought before the court without unnecessary delay and therefore reversal is not warranted.

¶ 2                                    I. BACKGROUND

¶ 3    Alfredo Garduno was arrested on February 6, 2024, at 4:50 am. On Feb 7, 2024, at 2:20 pm, the State's Attorney's felony review unit approved charges against him. The Chicago Police Department (CPD) gave final approval of the charges at 6:31 pm that same day. On February 8, 2024, the State filed a petition to detain Garduno, and he appeared before the court for his pretrial

detention hearing at approximately 12:40 pm that afternoon. The record does not indicate what time Garduno was actually brought to the courthouse.

¶ 4    During the hearing, defense counsel stated, "Your Honor, I would like to note for the record, Mr. Garduno was arrested on February 6 according to the arrest report at 4:50 a.m. And has not been -- this is the first time before a Judge on this case. It's more than 48 hours just for the record. It's February 8 at 12:40 p.m." Defense counsel then asked the court to "consider a remedy" due to the "violation of the Pretrial Fairness Act given that it's beyond the 48 hours." The court said, "So you are asking that the State's complaint be dismissed based upon the violation of the 48 hour rule?" Defense counsel stated that she was "ask[ing] for [Garduno's] release at this point." The State argued in response that "this was the first time that this defendant could be brought in front of a Judge after the charging decision was made. That charging decision was made within the 48 hours."

¶ 5    The court ruled that the failure to bring Garduno before a judge within 48 hours of his arrest did not automatically require that he be released:

"the Pretrial Fairness Act indicates that there's a violation. It doesn't prescribe a remedy. I don't find that it would be an appropriate remedy for either dismissal of the case or release of the defendant. That it would be grossly disproportionate to any violation in this case. And it would not be prescribed by any statute that I am aware [of] or any case law that I am aware of. So your request will be denied."

¶ 6    The State then proffered evidence to support its detention petition based on the charge of aggravated criminal sexual abuse. It noted that Garduno had been living with the victim and her family since 2022 because he was dating the victim's older sister. Starting around May 2023, Garduno, who was 17 years old at the time, entered the 12-year-old victim's room while she was

sleeping, penetrated her vagina with his penis, and threatened to "shoot up the house" if she told anyone. This happened more than once. Garduno also forced the victim to perform oral sex on him and to rub his penis, and he took photos and videos of her performing sex acts. Garduno threatened to harm the victim's family if she told anyone.

¶ 7     Based on the evidence proffered by the State, the court found that the State proved that the proof is evident and the presumption is great that Garduno committed these acts, that Garduno poses a real and present threat to the safety of any person or persons or the community based upon the specific articulable facts of this case, and that there were no less restrictive conditions that could avoid the real and present threat that Garduno poses to the community or the complaining witness based upon the specific articulable facts of this case. Garduno timely appealed.

¶ 8                                II. ANALYSIS

¶ 9     On appeal, Garduno does not challenge the court's decision to detain him based on the evidence presented at his detention hearing. Instead, he argues that we should reverse the trial court's decision and remand so that the trial court can impose conditions of release because his pretrial detention hearing was held more than 48 hours after his arrest, in violation of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).

¶ 10    Garduno argues that section 109-1(a) of the Act was violated, which states:

> "[a] person arrested with or without a warrant for an offense for which pretrial release may
> be denied under paragraphs (1) through (6) of Section 110-6.1 shall be taken without
> unnecessary delay before the nearest and most accessible judge in that county, except when
> such county is a participant in a regional jail authority, in which event such person may be
> taken to the nearest and most accessible judge, irrespective of the county where such judge

presides, within 48 hours, and a charge shall be filed." 725 ILCS 5/109-1(a) (eff. Jan. 1, 2023).

¶ 11    In *People v. Williams*, 2024 IL App (1st) 232219-U, a division of this court addressed the same issue—whether pretrial release is required when a defendant is not brought before the court for a pretrial detention hearing within 48 hours after his arrest. In *Williams*, the defendant was arrested at 2:14 pm on November 8, 2023. *Id.* ¶ 3. The State's felony review unit approved charges against him at 1:31 pm on November 9, 2023, and CPD gave final approval of the charges at 4:30 pm that same day. *Id.* The defendant was brought before the court at 3:41 pm on November 10, 2023, for his pretrial detention hearing. *Id.* ¶ 5. Even though the defendant appeared in court an hour and a half after the statutory deadline outlined in the Act, the trial court granted the State's petition and found that the defendant should be detained pretrial. *Id.* ¶ 13. Defendant appealed, arguing that the trial court's order denying his pretrial release should be reversed because he was not brought before a judge without "unnecessary delay" within 48 hours of his arrest. *Id.* ¶ 19. This court disagreed and concluded that because the defendant was "brought to a courthouse within 48 hours of his arrest to appear before a judge" the requirement that he "*shall be taken* without unnecessary delay to the nearest and most accessible judge *** within 48 hours" was met. *Id.* ¶ 23. The court noted that CPD "did not give final approval of those charges [against defendant] until 4:30 p.m." on November 9, 2023, so "it was impossible for the defendant to be transported to a courthouse for appearance before a judge on November 9, 2023." *Id.* ¶ 27.

¶ 12    The *Williams* court found our supreme court's decision in *People v. Ballard,* 206 Ill. 2d 151, 177 (2002), instructive, which interpreted a previous version of section 109-1. The *Williams* court noted that the previous version of the statute did not contain the "48 hour-timeframe for presenting defendants to the trial court for the filing of charges" and instead, merely required that

"[a] person arrested with or without a warrant" be "taken without unnecessary delay before the nearest and most accessible judge." *Id.* ¶ 29. In *Ballard*, our supreme court held that "some latitude is allowed" in determining whether a defendant was presented to the judge "without unnecessary delay" and explained that "[p]resentment to a judge need be performed only with such reasonable promptness as the circumstances permit." *Ballard,* 206 Ill. 2d at 177. Relying on the supreme court's reasoning, the *Williams* court stated:

> "While we recognize that since the passage of the Pretrial Fairness Act the statute has been amended to include a 48-hour deadline, we believe that the continued inclusion of the 'without unnecessary delay' language signals the legislature's intent to permit for 'some latitude' in fulfilling that deadline. *Ballard,* 206 Ill. 2d at 177. Accordingly, under the particular facts of this case, and considering *Ballard*, we believe that the defendant's presentment to the judge was 'performed *** with all reasonable promptness' permitted under the circumstances. *Id.* Accordingly, there was no violation of the statute." *Williams*, 2024 IL App (1st) 232219-U, ¶ 30.

¶ 13     Applying *Williams's* rationale to this case, we find that Garduno was brought before the court "without unnecessary delay." Garduno was arrested on February 6, 2024, at 4:50 am. But because the State and CPD did not finalize their charging decisions until 6:30 pm on February 7, 2024, "it was impossible for [Garduno] to be transported to a courthouse for appearance before a judge" that day. *Id.* ¶ 27. Accordingly, the earliest he could have appeared before the court was on February 8, 2024, which he did. Because Garduno's "presentment to the judge was 'performed *** with all reasonable promptness,' " *id.* ¶ 30, we find no violation of the statute.

¶ 14     Even if we were to conclude that section 5/109-1(a) was violated here, that does not necessarily mean that pretrial release is required. The statute does not prescribe a remedy for a

violation of the 48-hour rule. See *People v. Mitchell*, 366 Ill. App. 3d 1044, 1051 (2006) (noting that while the *Gerstein* rule was codified under a section 109-1(a), the Illinois statute "does not provide a remedy for its violation"); cf. *Ballard*, 206 Ill. 2d at 176 (noting that while section 109–1(a) "requires that an arrestee be presented to a judge 'without unnecessary delay,' noncompliance therewith does not, by itself, obviate a confession or render an otherwise voluntary confession inadmissible at trial. Rather, such delay is merely a factor to be considered on the question of voluntariness.") In *People v. Green*, 2024 IL App (1st) 240211, ¶ 11, this court interpreted a section of the Act with similar language, section 110-6(a), which addresses revocation of pretrial release and states that a defendant "shall be transferred to the court before which the previous matter is pending without unnecessary delay, and the revocation hearing shall occur within 72 hours of the filing of the State's petition." Because the statute lists no "specific consequences *** for the court's failure to hold a hearing within the specified time frame," the court found the language was directory, not mandatory, and concluded that although the defendant's revocation hearing took place after the 72-hour period specified in the statute, "no consequence [wa]s warranted." *Id.* ¶¶ 18, 20, 23. See also *People v. Walker,* 2024 IL App (1st) 232130-U, ¶ 23 (quoting *People v. Lewis*, 361 Ill. App. 3d 1006, 1013 (2005)) (declining to vacate order revoking defendant's pretrial release even though a hearing on the State's petition was not held within 72 hours, as required by statute, noting that "the statute itself provides no such remedy for a violation of the 72-hour requirement," and reasoning that it could not "supply omissions, remedy defects, annex new provisions, substitute different provisions, exceptions, limitations or conditions, or otherwise change the law so as to depart from the language employed [by the legislature]").

¶ 15 Garduno points to *People v. McCarthy-Nelson,* 2024 IL App (4th) 231582-U, to support his position that he should be released on remand. There, the defendant was arrested, charged with

several felony offenses, and made his initial appearance in court on December 24, 2023. *Id.* ¶ 4. The State filed a petition seeking to deny defendant's pretrial release; the State also filed a motion to continue the hearing until December 27, which the court granted. *Id.* ¶ 5. Although defendant argued that section 110-6.1(c)(2) required the hearing to be conducted within 48 hours of his initial appearance in court, the court granted the State's petition. *Id.* ¶ 6. On appeal, this court reversed, finding that the statute "clearly requires" a hearing on the State's petition to deny a defendant pretrial release to be conducted within 48 hours of defendant's initial appearance. *Id.* ¶ 11. It found that the trial court erred when it failed to comply with the procedural requirements of section 110-6.1(c)(2) and concluded that the "appropriate remedy" was "remand *** for the purpose of promptly holding a hearing to determine the least restrictive conditions of defendant's pretrial release." *Id.* ¶ 18.

¶ 16    *People v. McCarthy-Nelson* is distinguishable because it involves section 110-6.1(c)(2) of the Act, which states that a pretrial detention hearing "shall be held within 48 hours of the defendant's first appearance****" 725 ILCS 5/110-6.1(c)(2) (eff. Jan. 1, 2023). The mandatory language of section 110-6.1(c)(2) includes no exceptions. See *People ex rel. Birkett v. Dockery,* 235 Ill. 2d 73, 81 (2009) ("It is a cardinal rule of statutory construction that we cannot rewrite a statute, and depart from its plain language, by reading into it exceptions, limitations, or conditions not expressed by the legislature.") Section 5-109(1)(a), by contrast, states that the defendant "shall be taken *without unnecessary delay* before the nearest and most accessible judge in that county *** within 48 hours." (Emphasis added.) Like the *Williams* court, we find that "the continued inclusion of the 'without unnecessary delay' language [in section 5-109(1)(a)] signals the legislature's intent to permit for 'some latitude' in fulfilling that deadline." *Williams,* 2024 IL App (1st) 232219-U, ¶ 30 (quoting *Ballard,* 206 Ill. 2d at 177). See also *People v. Hudson*, 228 Ill. 2d

181, 193 (2008) ("When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended.")

¶ 17    Moreover, we note that the Act was "designed to protect victims and the community from defendants who are alleged to have committed felonies," so "a strict mandatory construction of the [48]-hour requirement does not achieve the purpose of the statute." *People v. Green,* 2024 IL App (1st) 240211, ¶ 21. Accordingly, although Garduno's detention hearing took place several hours after the 48-hour window in section 5/109(1)(a), we find that there was no "unnecessary delay" and that the hearing was performed "with such reasonable promptness as the circumstances permit[ted]," (*Ballard,* 206 Ill. 2d at 177), especially in light of the fact that the charging decisions were not finalized until the evening of February 7, making it impossible for Garduno's detention hearing to take place before February 8. In addition, we do not see how this minor delay "could have or did prejudice the outcome of [Garduno's] pretrial detention proceedings, particularly since his case was heard by the judge before the end of that business day." *Williams*, 2024 IL App (1st) 232219-U, ¶ 26. See also *Green*, 2024 IL App (1st) 240211, ¶¶ 22-23 (the court's failure to hold a detention hearing within 72 hours did not violate section 110-6(a) of the Act, because the hearing "occurred at the first possible opportunity" and the "one-day delay d[id] not thwart the legislative intent to hold a prompt hearing"). Garduno makes no arguments in his brief that would lead us to conclude otherwise. Therefore, we hold that reversal of the trial court's detention order is unwarranted.

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 20    Affirmed.