2024 IL App (1st) 240922-U

FIRST DISTRICT,
FIRST DIVISION
June 10, 2024

No. 1-24-0922B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 241100585-01 |
| | ) | |
| JOSEPH AUSTIN, | ) | Honorable |
| | ) | David Kelly, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held:* Although defendant did not appear for a pretrial detention hearing within 48 hours, he was brought before the court without unnecessary delay and therefore reversal was not warranted.

¶ 2     Defendant Joseph Austin was denied pretrial release under the legislation commonly referred to as the Safety, Accountability, Fairness and Equity Today (SAFE-T) Act or the Pretrial Fairness Act (Act) (see Pub. Act 101-652 (eff. Jan. 1, 2023)), which amended the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/100-1 *et seq.* (West 2022)). On appeal, he

argues that he is entitled to release because he was not brought before a judge for his initial appearance until over 48 hours after his arrest. For the reasons that follow, we affirm.

¶ 3                                                    BACKGROUND

¶ 4        Defendant was arrested at approximately 7:30 a.m. on February 21, 2024, and charged with aggravated battery by strangulation, armed robbery, and aggravated unlawful restraint. The Felony Review Unit approved the charges at 6:45 p.m. on February 22, and the Chicago Police Department gave its final approval of the charges at 8:03 p.m. The next day, February 23, defendant was brought before the court for his initial appearance at the 12:30 p.m. court call.

¶ 5        The State filed a petition to deny pretrial release, alleging that, while on the CTA Red Line, defendant approached the victim from behind and grabbed him in a choke hold. Defendant and three codefendants, one of whom held a firearm, punched and hit the victim and took his possessions. The incident was captured on CTA surveillance footage and, shortly after the incident, the victim positively identified defendant in a showup.

¶ 6        Counsel for defendant argued that he should be released because he was not brought before a judge within 48 hours of his arrest, stating for the record that "it is *** approximately 1:43 p.m." The State argued that the relevant timeframe was when defendant was brought to the courthouse, to which defense counsel replied, "I haven't received any notification that [defendant] has been in the courthouse *** since 7:30 this morning." The State further argued that release from detention was "not a solution" to violation of the 48-hour rule unless "there were statements or things along those lines."

¶ 7        The court rejected the defense's argument, stating that "presumably the State charges were not approved until a certain time" and that the February 23 hearing was "the next available court date for your client to have been brought before a judge." The court additionally stated that

"the remedy [for violation of the 48-hour rule] is not to \*\*\* prevent the State from moving forward on this petition." The court proceeded with the detention hearing and defendant was ultimately detained.

¶ 8                                    ANALYSIS

¶ 9        Defendant argues that he is entitled to release because he was brought before a judge for his initial appearance over 48 hours after his arrest in violation of section 109-1(a) of the Code of Civil Procedure, which provides, in relevant part: "A person arrested \*\*\* for an offense for which pretrial release may be denied \*\*\* shall be taken without unnecessary delay before the nearest and most accessible judge in that county, \*\*\* within 48 hours, and a charge shall be filed." 725 ILCS 5/109-1(a) (eff. Jan. 1, 2023). The record reflects that defendant was arrested on February 21 at 7:30 a.m. and was brought before a judge on February 23 at approximately 1:43 p.m., around six hours after the statutory deadline.

¶ 10       We review issues of statutory interpretation *de novo*. *People v. Ramirez*, 2023 IL 128123, ¶ 13. The cardinal rule of statutory interpretation is "to ascertain and give effect to the intent of the legislature" (*People v. Maggette*, 195 Ill. 2d 336, 348 (2001)), the most reliable indicator of which is "the language of the statute, given its plain and ordinary meaning" (*Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27).

¶ 11       Initially, we note that this court has held that the 48-hour rule is satisfied if the defendant is brought to the courthouse within 48 hours of his arrest, even if he does not appear before a judge until after the deadline has passed. *People v. Williams*, 2024 IL App (1st) 232219-U, ¶ 23. However, although the State asserts that defendant was brought to the courthouse within 48 hours of his arrest, we find no evidence of such in the record.

¶ 12       This case is directly analogous to *People v. Garduno*, 2024 IL App (1st) 240405-U, in which we held that even though the defendant did not appear for a pretrial detention hearing within 48 hours, he was brought before the court without unnecessary delay and therefore reversal was not warranted. The *Garduno* defendant was arrested on February 6, 2024, at 4:50 a.m. *Id.* Charging decisions were finalized at 6:30 p.m. on February 7, and defendant was brought to his initial appearance before a judge on February 8 at 12:40 p.m. *Id.* ¶ 4. Because of the time at which the charges were finalized, it was impossible for defendant to have been transported to a courthouse to appear before a judge on that day. Under those circumstances, we found that defendant was brought before a judge "with all reasonable promptness" and section 5/109-1(a) was not violated. (Internal quotation marks omitted.) *Id.* ¶ 13.

¶ 13       We further found that "[e]ven if we were to conclude that section 5/109-1(a) was violated here, that does not necessarily mean that pretrial release is required," since the plain language of the statute specifies no remedy for violation of the 48-hour rule. *Id.* ¶ 14. Observing that similar language in other statutes has been held to be directory rather than mandatory, and that such an interpretation was in keeping with the statute's purpose of "protect[ing] victims and the community from defendants who are alleged to have committed felonies," we found that reversal of the trial court's detention order was unwarranted. (Internal quotation marks omitted.) *Id.* ¶¶ 14, 17; *cf. In re Commitment of Trulock*, 2012 IL App (3d) 110550, ¶ 40 (untimely probable cause hearing for individual civilly detained as sexually violent person did not require dismissal of petition where legislature provided no remedy for violation).

¶ 14       Under the facts and circumstances of this case, we find no reason to depart from our well-reasoned decision in *Garduno*. *Cf. People v. Ballard*, 206 Ill. 2d 151, 177 (2002) (in determining whether presentment is "without unnecessary delay," we must consider all the facts and

circumstances of the case) (quoting 725 ILCS 5/109-1(a) (West 1996)). As defendant acknowledges, the Leighton Criminal Courthouse opens at 8:30 a.m., and the earliest a call begins in any courtroom is 9 a.m. Accordingly, there was no possibility that he could have been brought before a judge within 48 hours of his arrest on February 23. Rather, he needed to have been brought to the courthouse the day before. However, his charges were not approved until 8:03 p.m. on February 22, at which time it would have been too late to have him transported to the courthouse for presentment to a judge. Instead, he was promptly brought to the courthouse the next day. Although the 48-hour deadline was exceeded by approximately six hours, defendant "provides no argument whatsoever as to how this minimal delay in his presentment could have or did prejudice the outcome of his pretrial detention proceedings, particularly since his case was heard by the judge before the end of that business day." *Williams*, 2024 IL App (1st) 232219-U, ¶ 26.

¶ 15    Defendant urges us to reject *Garduno* because it "renders the statutory language of 725 ILCS 5/109-1(a) impotent." We disagree. As noted, the statute requires that a defendant be brought before a judge "without unnecessary delay" (725 ILCS 5/109-1(a) (eff. Jan. 1, 2023))—a mandate that is satisfied under the particular facts and circumstances of this case, but not necessarily in every case in which the 48-hour limit might be exceeded.

¶ 16    *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, on which defendant relies, is distinguishable because it involves a different statute. Section 110-6.1 of the Code provides that if a continuance is granted on a detention petition, "the hearing shall be held within 48 hours of the defendant's first appearance" (725 ILCS 5/110-6.1(c)(2) (eff. Jan. 1, 2023)). Notably, this section prescribes a strict 48-hour limit without the qualifying proviso that it must be "without unnecessary delay." Based on this statutory language, the Fourth District held that the statute was

violated where the State filed its detention petition on December 24 and the matter was continued to December 27, and the appropriate remedy was release. *Id.* ¶¶ 13, 18. Because of the different language used in section 109-1(a), defendant's reliance on *McCarthy-Nelson* is unavailing.

¶ 17                                    CONCLUSION

¶ 18            For the foregoing reasons, we affirm the judgment of the trial court.

¶ 19            Affirmed.