2024 IL App (1st) 240605-U

FIRST DIVISION
June 27, 2024

No. 1-24-0605B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2024110057401 |
| | ) | |
| VICENTE RAYGOZA, | ) | Honorable |
| | ) | David Kelly, |
| Defendants-Appellant. | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Although defendant was not brought before trial court for pretrial detention hearing within 48 hours of arrest, circumstances presented in record do not warrant reversal of detention order.

¶ 2    Defendant-appellant Vicente Raygoza (defendant) appeals from the circuit court's order granting the State's petition for revocation of his pretrial release pursuant to section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code), as recently amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(a)(1), (6) (West 2022)), and

commonly referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" or the "Pretrial Fairness Act" (Act). See also Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, he contends that he is entitled to release because he was not brought before a judge for his initial appearance until over 48 hours after his arrest. For the following reasons, we affirm.

¶ 3                                        BACKGOUND

¶ 4      Defendant was arrested at approximately 6:30 p.m. on February 20, 2024, and charged with attempted first-degree murder and aggravated battery-discharge of a firearm while on parole. The Felony Review Unit approved the charges at 5:22 p.m. on February 22 and the Chicago Police Department gave its final approval of the charges at 6:35 p.m. The next day, February 23, defendant was brought before the court for his initial appearance. Court call began at 1 p.m., and defendant's case was the last called of the day, following 10 other detention matters. His hearing began at approximately 6:10 p.m.

¶ 5      In the petition it filed to deny pretrial release, the State alleged that defendant, who is 40 years old, and the victim, his 18-year-old neighbor, got into another of many previous verbal altercations, this time while the victim was waxing his car which was parked on the street between their residences on South Marshfield Avenue in Chicago. The State proffered that defendant began shouting at the victim and then the victim began to walk over toward defendant, whereupon defendant pulled a firearm from his waistband, fired a shot, and hit the victim in his abdomen/lower torso. Defendant ran into his residence; police were called. Officers arrived and spoke to one witness, who directed them to defendant's home. Defendant refused to come outside, and officers called SWAT; defendant exited approximately one hour later and was taken into custody. Officers found two shell casings, one inside defendant's home and one outside;

ballistic testing showed that both were fired from the same firearm. Additionally, a second witness identified defendant as the shooter and picked him out of a photo array the next day. During the ensuing investigation, officers attempted to speak to the victim; however, he was in the hospital undergoing multiple surgeries and could not speak at the time they tried to interview him. The State further proffered that, at the time of his arrest, defendant was a three-time convicted felon who was currently on parole for a conviction for felony possession of a firearm; he also had a felony conviction for aggravated discharge of a firearm, a felony conviction for knowingly causing property damage, and a misdemeanor conviction for resisting arrest.

¶ 6     Before addressing the State's proffer, defendant argued that he should be released because he was not brought before a judge within 48 hours of his arrest. He noted he was arrested at 6:30 pm on February 20 and that "in court today is the 23rd," and that "court here starts at 9:00 a.m."

¶ 7     The court addressed and rejected defendant's initial argument regarding the timing of his presentment. Significantly, the court stated that while defendant was arrested on the evening of February 20, "there's an ongoing investigation;" that it was "now 6:10 [p.m.];" and that "[t]his court call didn't start until 1:00 o'clock, [and] we also had 10 detentions." The court concluded that "while it is late here today, there's nothing that the [c]ourt knows, contrary to belief" that would indicate the State was derelict in its duty of bringing defendant to court in a timely fashion under the Act.

¶ 8     The trial court proceeded with the detention hearing and allowed defendant to address the pertinent issues. Ultimately, at the conclusion of the hearing, defendant was detained.

¶ 9                                   ANALYSIS

¶ 10    On appeal, defendant does not raise any challenge to the trial court's denial of pretrial

release based on the evidence of his safety risk. Rather, his principle argument is that he is entitled to release because he was brought before a judge for his initial appearance over 48 hours after his arrest in violation of section 109-1(a) of the Act, which provides, in relevant part: "A person arrested *** for an offense for which pretrial release may be denied *** shall be taken without unnecessary delay before the nearest and most accessible judge in that county, *** within 48 hours, and a charge shall be filed." 725 ILCS 5/109-1(a) (eff. Jan. 1, 2023).[1] Again, the record reflects that he was arrested on February 20 at 6:30 p.m. and his matter was heard by a judge on February 23 at approximately 6:10 p.m., about 24 hours after the statutory deadline.

¶ 11 As statutory interpretation is at issue here, our review is *de novo*. See *People v. Ramirez*, 2023 IL 128123, ¶ 13. Statutory interpretation requires that we "ascertain and give effect to the intent of the legislature" (*People v. Maggette*, 195 Ill. 2d 336, 348 (2001)), the most reliable indicator of which is "the language of the statute, give its plain and ordinary meaning" (*Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27).

¶ 12 Markedly, this Court has held that the 48-hour rule is satisfied if the defendant is brought to the courthouse within 48 hours of his arrest, even if he does not appear before a judge until after the deadline has passed. See *People v. Williams*, 2024 IL App (1st) 232219-U, ¶ 23. In the instant cause, while there are many different entries in the record tracking the dates and times of defendant's arrest process, such as when his fingerprints were taken, when he was photographed, when he was transported to and received into lock-up, when he was fed, when he made various phone calls, when police conducted their investigation, and when the charges were approved and

---

[1] In conjunction with this argument, defendant further argues that the appropriate remedy for this time violation is his release (though he admits the statute does not provide for this) and asks that we remand for further hearing.

finalized, there is no evidence in the record of what time, exactly, on February 23 defendant was brought to the courthouse. It tells only that he appeared before a judge by 6:10 p.m.

¶ 13    Solely based on the number of hours that elapsed between his arrest at 6:30 p.m. on February 20 and the time of his hearing at 6:10 p.m. on February 23, defendant asserts there was an "unnecessary delay" which would automatically require his release under the Act. Based on the record before us, we disagree.

¶ 14    First, defendant does not cite to any viable case law in support of his argument that the delay in his presentment to the court automatically constituted "unnecessary delay" under the statute, or that once at the courthouse the State had the duty, or the ability, to change his place on the court's docket. In addition, he does not argue how the delay he experienced prejudiced him or the outcome of his pretrial detention hearing, particularly based on the State's proffer.

¶ 15    More significantly, the facts and circumstances here simply do not bare out an "unnecessary delay" that violates the Act which would, in turn, warrant reversal of defendant's detention. We are cognizant that the time between defendant's arrest and when a judge ruled on his petition was almost 72 hours. However, the measure is not the time between arrest and decision but, rather, arrest and presentment to the courthouse. See *Williams*, 2024 IL App (1st) 232219-U, ¶ 23. Defendant was arrested in the evening on February 20, at 6:30 p.m. Officers were aware that two witnesses had been involved; one had called police after the shooting when defendant ran into his residence, and another identified defendant at the scene, as well. That second witness volunteered to view a photo array line-up, which, presumably, officers needed time to compile; the identification occurred the next day, February 21. Additionally, police notes in the record that detail investigatory efforts reveal that officers went to the hospital in order to interview the victim. When they arrived and were finally able to see him, he had just finished a

surgery. Though officers attempted to interview him, the victim could not speak; again, this took time. Further investigatory notes demonstrate that police were "aware of the arrestee's time in custody" and that they were "continu[ing] to [i]nvestigate to determine the appropriate charges." There was also ballistics testing on recovered shell casings from the scene occurring at this time. While the Felony Review Unit approved defendant's charges at 5:22 p.m. on February 22, the Chicago Police Department did not give final approval of those charges until 6:35 p.m. on that same date. Thus, it was impossible for defendant to be transported to a courthouse for appearance before a judge on February 22.

¶ 16    The record demonstrates that defendant was brought to the courthouse at some point the next day, on February 23, although we do not know at what time. However, the trial court makes clear during defendant's hearing that the time is "now 6:10 [p.m.]." In response to defendant's 48-hour violation argument, the court explicitly explains that, contrary to his assumption and assertion in his argument, court that day did not begin at 9 a.m. Rather, as the court stated, "[t]his court call didn't start until 1:00 o'clock." Moreover, the court noted that "we also had 10 detentions," and defendant's matter was the "[l]ast case." This, combined with the time documented in the arrest processing report which detailed that police were continuing in their investigation, which saw them conduct a photo-array identification for a witness, conduct ballistics testing for shell casings recovered at the scene, and attempt to get corroboration from the victim at the hospital, does not amount to an "unnecessary delay" so as to justify reversal of defendant's pretrial detainment order.

¶ 17    Defendant's argument to the contrary is one we have seen before, and one which we reject just as we have before. He urges us to turn our back on our previous holding in *People v. Garduno*, 2024 IL App (1st) 240405-U, because it "renders the statutory language 725 ILCS

5/109-1(a) impotent," and that we instead follow a distinguishable decision by a sister district in *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, that reviewed a different statute. This, we will not do.

¶ 18    To the contrary, we find this case analogous to *Garduno* and find no reason to depart from its holding.  There, 56 hours elapsed from the time the defendant was arrested at 4:50 a.m. on February 6, 2024 to when he was brought for his pretrial detention hearing at 12:40 p.m. on February 8.  See *Garduno*, 2024 IL App (1st) 240405-U, ¶ 4.  But, as the *Garduno* court noted, the charges were not finalized until late in the evening on February 7, making it impossible for him to be transported to a courthouse to appear on that day.  See *Garduno*, 2024 IL App (1st) 240405-U, ¶ 4.  Therefore, we concluded, the circumstances of record demonstrated that the defendant was brought before a judge "with all reasonable promptness" and section 5/109-1(a) had not been violated.  See *Garduno*, 2024 IL App (1st) 240405-U, ¶ 13.  Additionally, we further held that even if it could be concluded otherwise, pretrial release was not required, since the statute specifies no remedy for a violation of the 48-hour rule.  See *Garduno*, 2024 IL App (1st) 240405-U, ¶ 14.  As the facts and circumstances here, which we have already described at length, mirror *Garduno*, we find no reason to depart from that well-reasoned decision.  *Cf. People v. Ballard*, 206 Ill. 2d 151, 177 (2002) (in determining whether presentment is "without unnecessary delay," we are to consider all the facts and circumstances of the case) (quoting 725 ILCS 5/109-1(a) (West 1996)).

¶ 19    Meanwhile, as noted, *McCarthy-Nelson*, on which defendant relies, is clearly distinguishable, as it dealt with section 110-6.1 of the Code which, unlike section 109-1(a), prescribes a strict 48-hour presentment limit without the qualifying proviso that it must be "without unnecessary delay."  *Compare* 725 ILCS 5/110-6.1(c)(2) (eff. Jan. 1, 2023) *with* 725

ILCS 5/109-1(a) (eff. Jan. 1, 2023). The different language used makes *McCarthy-Nelson*, and defendant's reliance on it in support of his argument here, nugatory.

¶ 20     Ultimately, we hold there was no violation of section 109-1(a). In *Ballard*, 206 Ill. 2d at 177-78, our supreme court held that section 109-1(a) requires presentment before a judge "only with such reasonable promptness as the circumstances permit" and police are given "reasonable latitude" to process and investigate a crime. In this case, the court's call did not begin until 1 p.m. and 10 other detention cases preceded defendant's; someone must be last, and on that date, it was defendant. Moreover, there was no possibility that he could have been brought before a judge within 48 hours of his arrest on the evening of February 20. Rather, he would have needed to have been brought to the courthouse the day before he eventually was. Yet, his charges were not approved until 6:35 p.m. on that date, February 22, at which time it would have been too late to transport him to the courthouse for presentment to a judge. Instead, he was brought the next day, February 23. Although the 48-hour deadline was exceeded, his case was heard before the end of that business day and there is no showing of prejudice here. Again, this cause mirrors *Garduno* and *Williams*, as well as our subsequent decisions in *People v. Austin*, 2024 IL App (1st) 240922-U (although the defendant did not appear for pretrial detention hearing within 48 hours due to late-evening approval of charges, he was brought promptly thereafter and, thus, there was no unnecessary delay and reversal of detention was not warranted), and *People v. Hernandez-Pernalete*, 2024 IL App (1st) 240734-U (excess of 48 hours between arrest and presentment did not violate section 109-1(a) under circumstances, where investigation was clearly ongoing and included police interviewing complainant, obtaining and reviewing security

camera footage, evaluation and approval of charges, and court was not in session at night). We continue to be in lock-step with those holdings.[2]

CONCLUSION

¶ 21     Accordingly, for the foregoing reasons, we affirm the order of the circuit court of Cook County denying pretrial release.

¶ 22     Affirmed.

---

[2] In light of our disposition, we need not address defendant's additional argument concerning the appropriate remedy for a section 109-1(a) violation because we find no violation. See *Hernandez-Pernalete*, 2024 IL App (1st) 240734-U, ¶ 25.