NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240589-U

NO. 4-24-0589

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 9, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| TYRELL DERRIOUS COOPER, | ) | No. 24CF244 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justice Harris concurred in the judgment.
Justice Doherty dissented.

**ORDER**

¶ 1     *Held*:   The trial court's pretrial detention order was vacated, and the cause was remanded
for a new hearing to determine the least restrictive conditions for defendant's
pretrial release, where defendant's detention hearing was not held within 48 hours
of his initial appearance.

¶ 2     Defendant, Tyrell Derrious Cooper, appeals an order denying him pretrial release

pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110

(West 2022)), hereinafter as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known

as the Pretrial Fairness Act. On appeal, defendant argues that the trial court erred in denying him

pretrial release because it failed to hold a detention hearing on the State's petition within 48 hours

of his initial appearance. For the following reasons, we vacate the detention order and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        On Saturday, March 30, 2024, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2022)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2022)), and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.2(a)(2) (West 2022)). The State also filed a petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). In its petition, the State alleged that defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community.

¶ 5        Also on March 30, 2024, defendant made his first appearance in court at 10:58 a.m. The prosecutor noted that he had filed a petition to detain defendant and asked, "that the hearing be set for Monday at 1:30." The prosecutor added, "We believe that would be within the time frame allowed by statute." Defendant's counsel responded, "we'd ask for immediate, but did receive notice of the hearing for Monday." The trial court set the hearing for Monday, April 1, 2024.

¶ 6        The pretrial detention hearing proceeded as scheduled on April 1, 2024. We discuss only those facts relevant to the issue on appeal. During the hearing, defendant's counsel moved to strike the State's petition to deny defendant pretrial release because, pursuant to *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, the detention hearing was untimely. Counsel acknowledged the trial court's belief that *McCarthy-Nelson* did "not apply to periods, including holidays and weekends," but argued that "detention petitions must be heard in this case within 48 hours of their filing [*sic*]." Counsel explained that defendant was charged with offenses that were

"Class 3 or higher" and that section 110-6.1(c)(2) of the Code (725 ILCS 5/110-6.1(c)(2) (West 2022)) imposed a "strict 48-hour rule." Accordingly, since the petition was filed "in the morning of Saturday, March 30th," and the detention hearing was taking place on "April 1st in the afternoon," the hearing was untimely. The court denied defendant's motion to strike the State's petition and proceeded with a detention hearing. At the conclusion of the hearing, the court granted the State's petition and ordered defendant's detention.

¶ 7        Defendant filed a timely notice of appeal. Thereafter, defendant and the State filed memoranda detailing their arguments.

¶ 8                                II. ANALYSIS

¶ 9        On appeal, defendant argues in his memorandum that the trial court erred in granting the State's petition to deny him pretrial release because the detention hearing was not held in accordance with the timing requirements of section 110-6.1(c)(2) of the Code. In response, the State contends that defendant suffered no prejudice, as the hearing took place only "shortly after the 48-hour timeframe passed." We note that defendant raises other grounds for relief in his notice of appeal, challenging the court's findings with respect to the merits of the State's detention petition. However, the issue defendant raises in his memorandum is dispositive of this appeal.

¶ 10       When interpreting a statute, our goal is to ascertain and give effect to the intent of the legislature, which is best determined by the language of the statute, given its plain and ordinary meaning. *People v. Dyer*, 2024 IL App (4th) 231524, ¶ 19. We review issues of statutory interpretation *de novo*. *Dyer*, 2024 IL App (4th) 231524 ¶ 19.

¶ 11       Section 110-6.1(c)(2) provides, in relevant part, that upon the filing of a petition to deny a defendant pretrial release, the trial court:

"shall immediately hold a hearing on the petition unless a continuance is requested. If a continuance is requested and granted, the hearing shall be held within 48 hours of the defendant's first appearance if the defendant is charged with first degree murder or a Class X, Class 1, Class 2, or Class 3 felony." 725 ILCS 5/110-6.1(c)(2) (West 2022).

¶ 12        In *McCarthy-Nelson*, we determined that the language of section 110-6.1(c)(2) was "clear and unambiguous, and we must interpret it according to its terms." *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 11. Accordingly, we explained that the statute "clearly requires trial courts to conduct a hearing on the State's petition to deny a defendant pretrial release within 48 hours of the defendant's initial appearance; it does not exclude weekends or holidays when computing time deadlines." *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 11. As such, we held that the trial court failed to comply with section 110-6.1(c)(2) where, following the defendant's initial appearance on December 24, 2023, the court, upon granting a continuance, did not hold a detention hearing until December 27, 2023—after the 48-hour deadline. *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶¶ 12-13.

¶ 13        Here, defendant was charged with aggravated battery, a Class X felony; aggravated discharge of a firearm, a Class 1 felony; and unlawful possession of a weapon by a felon, a Class 3 felony. Based upon the clear language of section 110-6.1(c)(2), the trial court was required to hold a hearing on the State's petition to deny release either "immediately," if no continuance was requested, or "within 48 hours of the defendant's first appearance" if a continuance was requested. 725 ILCS 5/110-6.1(c)(2) (West 2022). Defendant's initial appearance occurred in the morning on March 30, 2024. After continuing the matter at the prosecutor's request, the court did not hold a

detention hearing until the afternoon of April 1, 2024, outside the 48-hour time frame. Accordingly, the court failed to comply with the timing requirements in section 110-6.1(c)(2).

¶ 14　　　　　The State argues defendant's reliance on *McCarthy-Nelson* is misguided. Instead, the State argues we should apply such cases as *People v. Garduno*, 2024 IL App (1st) 240405-U, *People v. Green*, 2024 IL App (1st) 240211, and *People v. Williams*, 2024 IL App (1st) 232219-U, and find that any delay following the expiration of the 48-hour period was so minor that defendant suffered no prejudice. However, these cases are distinguishable. None of them applied section 110-6.1(c)(2); instead, they involved different statutory timing provisions that included additional language not contained in section 110-6.1(c)(2). Specifically, *Garduno* and *Williams* concerned whether section 109-1(a) of the Code (725 ILCS 5/109-1(a) (West 2022)) had been violated where the defendants were not brought before a judge within 48 hours of their arrests. *Williams*, 2024 IL App (1st) 232219-U, ¶ 19; *Garduno*, 2024 IL App (1st) 240405-U, ¶ 10. That section provides, in part, that a person who is arrested "shall be taken without unnecessary delay before the nearest and most accessible judge in that county *** within 48 hours, and a charge shall be filed." 725 ILCS 5/109-1(a) (West 2022). In both cases, the courts determined that the inclusion of the language "without unnecessary delay" in section 109-1(a) allowed some latitude in fulfilling the 48-hour deadline, such that the statute was not violated. *Williams*, 2024 IL App (1st) 232219-U, ¶ 30; *Garduno*, 2024 IL App (1st) 240405-U, ¶ 13.

¶ 15　　　　　Similarly, *Green* concerned whether section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)) was violated where the defendant's detention hearing was not held within 72 hours of the State filing a petition to revoke pretrial release. *Green*, 2024 IL App (1st) 240211, ¶ 10. Section 110-6(a) provides, in part, that upon the State's petition to revoke a defendant's pretrial release, "[t]he defendant shall be transferred to the court before which the previous matter

is pending without unnecessary delay, and the revocation hearing shall occur within 72 hours of the filing of the State's petition." 725 ILCS 5/110-6(a) (West 2022). The court rejected "a strict mandatory construction of the 72-hour requirement," finding that a "one-day delay does not thwart the legislative intent to hold a prompt hearing before the judge most familiar with the matter." *Green*, 2024 IL App (1st) 240211, ¶¶ 21-22. The court determined that the statute was "directory only," as it contained no negative language prohibiting further action if a hearing is not held within 72 hours of the filing of the State's petition, and therefore, "no consequence is warranted *** under the particular facts of this case." *Green*, 2024 IL App (1st) 240211, ¶¶ 20, 23.

¶ 16 Unlike *Garduno*, *Green*, and *Williams*, this case involves section 110-6.1(c)(2), which does not contain the additional language "without unnecessary delay" present in the statutes at issue in those cases. Indeed, *Garduno* undercuts the State's argument, as that case explicitly referenced section 110-6.1(c)(2) and determined it was "mandatory" and "includes no exceptions" to the 48-hour period. *Garduno*, 2024 IL App (1st) 240405-U, ¶ 16. Additionally, beyond noting the holding in *Green* that the court found section 110-6(a) to be directory only, the State develops no argument as to whether the command of section 110-6.1(c)(2) is mandatory or directory. Given the foregoing, the State provides no convincing argument for why we should depart from our reasoning in *McCarthy-Nelson*, and thus, we decline to do so. See *People v. Howard*, 2024 IL App (4th) 240398-U, ¶¶ 14, 21 (applying *McCarthy-Nelson*'s reasoning and concluding that the defendant's detention hearing was not held within the 48-hour time frame imposed by section 110-6.1(c)(2)).

¶ 17 Accordingly, we conclude that the trial court erred in failing to hold a detention hearing within 48 hours of defendant's first appearance. In *McCarthy-Nelson*, we determined that the appropriate remedy for a failure to comply with the timing requirements of section 110-

6.1(c)(2) is to remand the case for a hearing to determine the least restrictive conditions of the defendant's pretrial release. *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 18. Thus, we choose to apply that remedy here. On remand, the court will be required to impose the mandatory conditions listed in section 110-10 (725 ILCS 5/110-10 (West 2022)), and it may impose any additional appropriate conditions consistent with that section that will ensure that defendant appears in court, does not commit any criminal offense, and complies with all conditions of pretrial release.

¶ 18                              III. CONCLUSION

¶ 19            For the reasons stated, we vacate the trial court's detention order and remand with directions that the court promptly set the case for a hearing to determine the least restrictive conditions of defendant's pretrial release.

¶ 20            Vacated and remanded with directions.

¶ 21            JUSTICE DOHERTY, dissenting:

¶ 22            This case is fundamentally about the proper interpretation of these 13 words in the statute at issue: "the hearing shall be held within 48 hours of the defendant's first appearance." 725 ILCS 5/110-6.1(c)(2) (West 2022). I agree with defendant, the majority, and *McCarthy-Nelson* that weekends and holidays are not deducted from the computation of this time period. Here, the hearing at issue occurred (or, at least, was scheduled to occur) approximately 90 minutes after the expiration of the 48-hour period, so the statute was not strictly complied with.

¶ 23            For his part, defendant assumes that the *relief* to which he is entitled as a result of this delay is reversal of the order for his detention and a remand for purposes of effecting his release on conditions. The State, on the other hand, argues that defendant's hearing was "fair and proper" and that, because he was not prejudiced by the short delay, he is not entitled to release.

The State relies on several cases interpreting analogous statutory provisions under the detention statute; each of these cases considers whether actions being taken after expiration of the applicable time limit addressed in those cases requires the defendant to be released, rather than detained.

¶ 24 Of the decisions relied on by the State, the only published decision is *Green*, where a petition to revoke the defendant's pretrial release was conducted outside of the specified 72-hour time limit set forth in the statutory provision. The statute in question provides as follows: "The defendant shall be transferred to the court before which the previous matter is pending without unnecessary delay, and the revocation hearing shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation." 725 ILCS 5/110-6(a) (West 2022). The court in *Green* concluded that a one-day delay past the deadline for conducting the revocation hearing did not entitle the defendant to his release. *Green*, 2024 IL App (1st) 240211, ¶ 23. As noted here by the State, the *Green* court specifically considered whether the statute was "mandatory" or "directory," *i.e.*, whether the failure to comply with a particular procedural step will, or will not, have the effect of invalidating the government action to which the requirement relates. *Id.* ¶ 17 (citing *People v. Robinson*, 217 Ill. 2d 43, 51-52 (2005)).

¶ 25 *Green* noted that the mandatory-directory dichotomy "presents a question of statutory construction," which is addressed *de novo* on appeal. *Id.* As noted in *Green*, it is presumed that "a procedural command to a government official indicates an intent that the statute is directory." *Id.* ¶ 18. The presumption is overcome when either of two conditions is present: (1) where the statute prohibits further action in the case of noncompliance or (2) where the right the provision is designed to protect "would generally be injured under a directory reading." *Id.*

¶ 26 I believe that the approach articulated in *Green* reflects the application of well-established principles of statutory construction which are equally applicable here. First, the proper

analysis begins with the presumption that the statute, which here is directed toward a government official (*i.e.*, the trial court), is directory because it dictates a procedural step the court must take. See *Lakewood Nursing & Rehabilitation Center, LLC, v. Department of Public Health*, 2019 IL 124019, ¶ 29 (examining a statutory requirement that the Department of Public Health must hold a discharge hearing within 10 days).

¶ 27 The next step in the analysis is to consider the two factors noted above. First, the statute contains no "language prohibiting further action, nor does it provide a specific consequence for noncompliance with its time limits." See *id.* ¶ 35. "Had the legislature intended a mandatory reading," it could have specified a consequence for exceeding the 48-hour requirement. See *Green*, 2024 IL App (1st) 240211, ¶ 20. The lack of a specified consequence under this factor does not rebut the presumption that the statutory command is directory.

¶ 28 The second factor to be examined is whether the rights protected by the 48-hour requirement "would generally be injured by a directory reading." *Lakewood Nursing*, 2019 IL 124019, ¶ 38. Here, a trial court's *general* compliance with the 48-hour requirement will inure to the benefit of those in the class to which defendant belongs: defendants looking to have the question of detention settled promptly. In the case of a *specific* defendant whose detention hearing is delayed beyond 48 hours, however, there is no loss in terms of the defendant's substantive rights on the issue of detention; the only issue is the delay—in this case a very short one—in having those rights addressed.

¶ 29 Moreover, while the statute provides for a presumption in favor of the pretrial release of accused defendants (725 ILCS 5/110-6.1(e) (West 2022)), a trial court's detention decision also requires it to address concerns about whether release would pose "a real and present threat to the safety of any person or persons or the community." *Id.* § 110-6.1(1.5). In other words,

both the rights of the accused and the rights of the community are at stake. A directory interpretation of the 48-hour requirement would not defeat defendant's rights, but a mandatory interpretation would defeat the community's expectation that public safety will be considered before a defendant is released. I conclude that this factor also does not weigh against the normal presumption that the 48-hour time requirement is directory. Accord *United States v. Montalvo-Murillo*, 495 U.S. 711, 720 (1990) ("The end of exacting compliance with the letter of [the Bail Reform Act of 1984 (18 U.S.C. § 3142(f))] cannot justify the means of exposing the public to an increased likelihood of violent crime by persons on bail, an evil the statute aims to prevent.").

¶ 30      Because neither of the two relevant factors weighs against the presumption that the 48-hour time limit is directory, I conclude that the statutory requirement of a 48-hour time limit is directory, not mandatory. In other words, I do not assume, as defendant and the majority do, that the automatic remedy for exceeding the 48-hour period is defendant's release. Based on the short delay at issue in this case, I would affirm the trial court's detention order.

¶ 31      In closing, I note that I am "not discouraging the timely disposition of hearings under" section 6.1(c)(2). See *Green*, 2024 IL App (1st) 240211, ¶ 23. Courts should endeavor to hold all such hearings within the prescribed 48 hours. It is also foreseeable, however, that in some situations—such as the one here, where the 48-hour period following a Saturday morning first appearance lapsed just before noon on Monday—strict adherence to the time limit will present a logistical challenge to trial courts. Holding a hearing early Monday afternoon instead of late Monday morning should not be fatal to the court's obligation to address the detention issues on their merits. The statute compels no such result.