**2025 IL 130946**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

———————————

(Docket No. 130946)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
TYRELL DERRIOUS COOPER, Appellee.

*Opinion filed May 22, 2025.*

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Holder White, Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     The Rock Island County circuit court entered an order denying defendant, Tyrell Derrious Cooper, pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions

of the Pretrial Fairness Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Pretrial Fairness Act's effective date as September 18, 2023). Defendant argued to the appellate court that the circuit court erred in refusing to strike the State's petition to deny pretrial release because the circuit court failed to hold a pretrial detention hearing within 48 hours of defendant's first appearance. See 725 ILCS 5/110-6.1(c)(2) (West 2022). The Appellate Court, Fourth District, agreed with defendant, vacated the circuit court's detention order, and remanded the cause with directions that the circuit court set a hearing to determine the least restrictive conditions of defendant's pretrial release. 2024 IL App (4th) 240589-U. We granted the State's petition for leave to appeal (Ill. S. Ct. R. 315(a) (eff. Dec. 7, 2023)), and for the following reasons, we reverse the appellate court's judgment and affirm the circuit court's judgment.

¶ 2                                BACKGROUND

¶ 3        On Saturday, March 30, 2024, the State charged defendant with aggravated battery, a Class X felony (720 ILCS 5/12-3.05(e)(1) (West 2022)), aggravated discharge of a firearm, a Class 1 felony (*id.* § 24-1.2(a)(2)), and unlawful possession of a weapon by a felon, a Class 3 felony (*id.* § 24-1.1(a)). On the same day, the State also filed a verified petition pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) seeking to deny defendant's pretrial release. In its petition, the State alleged that defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community. See *id.*

¶ 4        On March 30, 2024, defendant also appeared in court and in custody, and proceedings commenced at 10:58 a.m. See *id.* § 109-1(a) (person arrested for offense for which pretrial release may be denied shall be taken without unnecessary delay before judge within 48 hours and charge shall be filed). At defendant's first appearance, the circuit court read the charges to defendant; notified him of his rights to a jury trial, to remain silent, and to an attorney; and appointed defense counsel. See *id.* § 109-1(b). The circuit court heard testimony from Officer Brian Manecke and found probable cause to believe defendant committed the charged offenses.

¶ 5        At this first appearance in the morning of Saturday, March 30, 2024, the State noted that it had filed a petition to deny defendant's pretrial release and asked "that the hearing be set for Monday at 1:30." The State believed it to be "within the time

frame allowed by statute." Defendant's counsel responded, "for the record, we'd ask for immediate, but did receive notice of the hearing for Monday." When the circuit court was corrected by the assistant state's attorney that the pretrial detention hearing on Monday would occur in the afternoon at 1:30 p.m., instead of in the morning at 8:30 a.m., defense counsel did not object. Thus, the circuit court set the pretrial detention hearing for Monday, April 1, 2024, at 1:30 p.m., and the March 30, 2024, court proceedings adjourned at 11:01 a.m. The circuit court ordered that defendant be detained until the pretrial detention hearing.

¶ 6        At the pretrial detention hearing on the afternoon of April 1, 2024, defense counsel argued that the detention hearing was untimely pursuant to section 110-6.1(c)(2) of the Code, which imposed a "strict 48-hour rule" to hear evidence on defendant's pretrial release or detention. Defense counsel argued that, because the petition was filed in the morning of Saturday, March 30, and the detention hearing was beginning in the afternoon of April 1, more than 48 hours had passed and the hearing was untimely. Defense counsel argued that, pursuant to *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, the remedy for failure to comply with the 48-hour timing requirement in section 110-6.1(c)(2) of the Code would be for the circuit court to deny pretrial detention and hold a hearing to determine the least restrictive conditions of defendant's pretrial release. The circuit court denied defendant's motion to strike the State's petition and proceeded with the pretrial detention hearing.

¶ 7        The ensuing pretrial detention hearing revealed that defendant faced separate, previously filed charges of unlawful possession of a weapon by a felon and possession of a stolen firearm and was released from custody on March 25, 2024. Three days later, on March 28, 2024, at around 10:20 p.m., officers received a report that gunshots had been fired near the residence defendant shared with his girlfriend. At the scene, they learned that, while two women were sitting in a vehicle near defendant's residence, defendant exited his residence and began firing a gun at them, striking one woman in her foot, breaking a bone. Five shell casings were recovered and were consistent with having been fired from a 9-millimeter firearm found at defendant's residence. Defendant admitted firing the shots but claimed that he thought the women in the vehicle were going to shoot at him first.

¶ 8        At the conclusion of the April 1, 2024, pretrial detention hearing, the circuit court found sufficient proof "that [defendant] committed a qualifying offense" and "that [defendant] pose[d] a real and present threat to the safety of persons and the community." In answering "whether or not there are any conditions that could be imposed that would mitigate those dangers," the circuit court found that defendant had demonstrated that he would not comply with court-ordered conditions. The circuit court noted that it had ordered defendant upon release on March 25, 2024, not to possess any weapons, defendant disobeyed that order within days, and defendant showed a complete disregard for the safety of the community by "indiscriminately firing five 9[-millimeter] rounds in a densely populated urban community, after being ordered not to possess a firearm." Accordingly, at the conclusion of the hearing, the circuit court granted the State's petition and ordered defendant's pretrial detention.

¶ 9        In its written order, the circuit court checked a box confirming that, "[a]s per 725 ILCS 5/110-6.1(c)(2), the hearing was held *** [w]ithin 48 hours after filing." The circuit court's written order further revealed that the court found by clear and convincing evidence that defendant committed a qualifying offense, defendant posed a real and present threat to the safety of any person or persons or the community, and no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons. 725 ILCS 5/110-6.1(a)(1)-(6) (West 2022) (dangerousness standard).

¶ 10       Defendant filed a timely notice of appeal, arguing that he should be released because his pretrial detention hearing was held more than 48 hours after his first appearance, in violation of section 110-6.1(c)(2) of the Code (*id.* § 110-6.1(c)(2)). 2024 IL App (4th) 240589-U, ¶ 2.

¶ 11                                      Appellate Court

¶ 12       On appeal, defendant abandoned substantive challenges to the circuit court's detention order and claimed only that the pretrial detention hearing was untimely. The appellate court agreed, vacated the circuit court's order denying defendant's pretrial release, and remanded the cause for a new hearing to determine the least restrictive conditions for defendant's pretrial release. *Id.* ¶ 19.

¶ 13    The appellate court held that, because defendant's first appearance occurred in the morning of March 30, 2024, and, after continuing the matter at the State's request, the circuit court held a pretrial detention hearing on the afternoon of April 1, 2024, the circuit court's pretrial detention hearing was held outside the 48-hour time frame required in section 110-6.1(c)(2) of the Code (725 ILCS 5/110-6.1(c)(2) (West 2022)). 2024 IL App (4th) 240589-U, ¶ 13. In determining a remedy for the timing violation, the appellate court distinguished *People v. Green*, 2024 IL App (1st) 240211, ¶ 23, wherein the appellate court reviewed section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), involving the revocation of pretrial release and requiring a revocation hearing within 72 hours of the State filing a petition to revoke pretrial release. 2024 IL App (4th) 240589-U, ¶ 15. The appellate court in *Green* rejected a strict mandatory construction of the 72-hour requirement, held that the 1-day violation of the timing requirement in section 110-6(a) did not thwart the legislative intent to hold a prompt hearing, and concluded that, because the requirement was directory, no consequence was warranted. *Green*, 2024 IL App (1st) 240211, ¶ 23. The appellate court here distinguished *Green* on the basis that section 110-6.1(c)(2) does not contain the additional language "without unnecessary delay" found in section 110-6(a) (725 ILCS 5/110-6(a) (West 2022)). 2024 IL App (4th) 240589-U, ¶ 16. Instead, following its reasoning in *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 18, the appellate court determined that the appropriate remedy for the circuit court's failure to comply with the timing requirement of section 110-6.1(c)(2) was to remand the case for a hearing to determine the least restrictive conditions of defendant's pretrial release. 2024 IL App (4th) 240589-U, ¶ 17.

¶ 14    Justice Doherty dissented. *Id.* ¶ 21 (Doherty, J., dissenting). Citing *Green*, 2024 IL App (1st) 240211, Justice Doherty concluded that the statutory requirement of a 48-hour time limit is presumed directory because it dictates a procedural step the court must take (*Lakewood Nursing & Rehabilitation Center, LLC v. Department of Health*, 2019 IL 124019, ¶ 29), it provides no specific consequence for noncompliance, and defendant suffered no loss in terms of his substantive rights on the issue of detention. 2024 IL App (4th) 240589, ¶¶ 26-28. Justice Doherty explained that, because the statutory requirement found in section 110-6.1(c)(2) was directory in nature, no specific consequence for noncompliance was warranted and, thus, no automatic remedy of defendant's release was triggered. *Id.* ¶ 30.

Accordingly, Justice Doherty would have affirmed the circuit court's detention order. *Id.*

¶ 15 Justice Doherty reasoned that, with regard to the rights the statute was intended to protect, defendant suffered "no loss in terms of [his] substantive rights on the issue of detention," only the very short delay in having those rights addressed, and thus, the rights protected by the timing requirement would not generally be injured by a directory reading. *Id.* ¶ 28. Justice Doherty stated that "both the rights of the accused and the rights of the community are at stake" and "a mandatory interpretation would defeat the community's expectation that public safety will be considered before a defendant is released." *Id.* ¶ 29. Justice Doherty found that, because section 110-6.1(c)(2) was directory rather than mandatory, "[h]olding a hearing early Monday afternoon instead of late Monday morning should not be fatal to the court's obligation to address the detention issues on their merits." *Id.* ¶ 31. Justice Doherty stated:

> "In closing, I note that I am 'not discouraging the timely disposition of hearings under' section 6.1(c)(2). [Citation.] Courts should endeavor to hold all such hearings within the prescribed 48 hours. It is also foreseeable, however, that in some situations—such as the one here, where the 48-hour period following a Saturday morning first appearance lapsed just before noon on Monday—strict adherence to the time limit will present a logistical challenge to trial courts. Holding a hearing early Monday afternoon instead of late Monday morning should not be fatal to the court's obligation to address the detention issues on their merits. The statute compels no such result." *Id.*

¶ 16 On September 16, 2024, this court allowed the State's petition for leave to appeal, in which the State argued that defendant had acquiesced in setting the time of hearing on defendant's pretrial release and that the 48-hour time limit prescribed in section 110-6.1(c)(2) is directory, not mandatory, and thus, the appellate court's remedy of conditional release was improper. Ill. S. Ct. R. 315(a) (eff. Dec. 7,

2023).[1]

ANALYSIS

¶ 18    The Pretrial Fairness Act abolished monetary bail in favor of a presumption of pretrial release on personal recognizance or with conditions of release (725 ILCS 5/110-1.5, 110-2(a) (West 2022)). *People v. Clark*, 2024 IL 130364, ¶ 1. Enforcement of the Pretrial Fairness Act began on September 18, 2023. See *Rowe*, 2023 IL 129248, ¶ 52. Under the Code, the circuit court may deny a defendant pretrial release, and a defendant may be held in pretrial detention, if the State files a verified petition and the circuit court finds that the State has satisfied its burden at an evidentiary hearing. See 725 ILCS 5/110-2(a) (West 2022); *Clark*, 2024 IL 130364, ¶ 1.

¶ 19    The State must file a verified petition stating the "grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." 725 ILCS 5/110-6.1(d)(1) (West 2022). The State bears the burden of proving by clear and convincing evidence that (1) the proof is evident or presumption great that defendant committed a detainable offense; (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk; and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e); see *Clark*, 2024 IL 130364, ¶ 20.

[1]Thereafter, on December 19, 2024, defendant entered a guilty plea, and on April 11, 2025, the circuit court sentenced defendant to 12 years in the Department of Corrections. No longer subject to pretrial release or detention, defendant filed in this court a motion to dismiss this appeal as moot, which was taken with the case. Although the subsequent proceedings rendered defendant's appeal moot, we review the issue presented under the public interest exception to mootness because the magnitude and immediacy of the interests involved warrant action by this court, the question is of a public nature, an authoritative determination of the question is desirable for the future guidance of public officers, and the question is likely to recur. See *In re Shelby R.*, 2013 IL 114994, ¶ 15. Accordingly, we hereby deny defendant's motion to dismiss the appeal as moot.

¶ 20    In making the determination of dangerousness, the circuit court may, in determining whether the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, consider certain factors including, but not limited to, the nature and circumstances of the offense; the history and characteristics of the defendant; the identity of any person or persons to whose safety the defendant is believed to pose a threat and the nature of the threat; any statements made by, or attributed to, the defendant, together with the circumstances surrounding them; the age and physical condition of the defendant; the age and physical condition of the complaining witness; whether the defendant is known to possess or have access to any weapon or weapons; whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal, or completion of sentence for an offense under federal or state law; and any other factor including those listed in section 110-5 of article 110 deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior or lack of such behavior. 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022). If the court finds that the State has met its burden, it shall enter an order for detention. *Id.* § 110-6.1(h); see *Clark*, 2024 IL 130364, ¶ 21.

¶ 21    On appeal, the State initially argues that defendant forfeited any claim that he is entitled to pretrial release based on the timing of the pretrial detention hearing because he failed to make a contemporaneous objection. After a review of the record, we agree that defendant failed to timely object to the circuit court's scheduling a hearing on Monday afternoon on the basis that it was outside the 48-hour time period found in section 110-6.1(c)(2) of the Code. In the morning of Saturday, March 30, 2024, the State noted that it had filed a petition to detain defendant and asked "that the hearing be set for Monday at 1:30." Defendant's counsel responded, "for the record, we'd ask for immediate, but did receive notice of the hearing for Monday." Thus, defendant requested an immediate hearing and objected to any continuance (725 ILCS 5/110-6.1(c)(2) (West 2022) (court shall immediately hold hearing on petition unless continuance is requested)), but he did not object that the continued hearing would resume outside of the 48-hour time limit (*id.* (if continuance is requested and granted, hearing shall be held within 48 hours of first appearance)). In addition, when the circuit court was corrected by the state's attorney that the pretrial detention hearing on Monday would occur at 1:30

p.m., instead of the circuit court's mistaken statement of 8:30 a.m., defense counsel again did not object to the delay or argue that 8:30 a.m. would fall within the 48-hour time limit but 1:30 p.m. would not. Thus, the pretrial detention hearing ensued on Monday at 1:30 p.m.

¶ 22 A criminal defendant who fails to object to an alleged error at the circuit court level has forfeited the error, precluding presentation of the error on appeal. *People v. Herron*, 215 Ill. 2d 167, 175 (2005). The rationale for such a result is "because failure to raise the issue at trial deprives the circuit court of an opportunity to correct the error, thereby wasting time and judicial resources." *People v. Jackson*, 2022 IL 127256, ¶ 15. "This forfeiture rule also prevents criminal defendants from sitting idly by and knowingly allowing an irregular proceeding to go forward only to seek reversal due to the error when the outcome of the proceeding is not favorable." *Id.*

¶ 23 In this case, although defendant objected to a continuance, as opposed to an immediate hearing pursuant to section 110-6.1(c)(2) of the Code (725 ILCS 5/110-6.1(c)(2) (West 2022)), he did not object to the continued hearing's timeliness, *i.e.*, that the circuit court was scheduling the continued hearing more than 48 hours after defendant's first appearance (*id.*). If he would have timely objected, the circuit court would have had the opportunity to correct any error. See *Jackson*, 2022 IL 127256, ¶ 15. Instead, defendant failed to so object and forfeited the issue.

¶ 24 Nonetheless, the rule of forfeiture is a limitation on the parties and not on the jurisdiction of this court. See *People v. McCarty*, 223 Ill. 2d 109, 142 (2006) (forfeiture is an admonition to the parties and not a limitation on the jurisdiction of this court). Accordingly, we choose to review the appellate court's judgment and the State's argument on appeal to determine whether section 110-6.1(c)(2)'s requirement to hold a timely pretrial detention hearing is mandatory or directory in nature and whether the remedy of conditional release conflicts with the Pretrial Fairness Act provisions of the Code.

¶ 25 The State argues that, even if the appellate court correctly found that the hearing was untimely, defendant was not entitled to pretrial release because the timing requirement found in section 110-6.1(c)(2) is directory rather than mandatory. The State argues that, because the timing requirement is directory, the appellate court's unreasoned remedy—vacating the circuit court's detention order and ordering defendant's release—was erroneous. Defendant counters that section 110-6.1(c)(2)

is mandatory in nature because the right it is designed to protect, a defendant's liberty, would generally be injured under a directory reading and, thus, failure to comply with section 110-6.1(c)(2) required his pretrial release on conditions.

¶ 26 In this case, relying on *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 18, the appellate court held that the appropriate remedy for failing to comply with the timing requirement of section 110-6.1(c)(2) was to invalidate the circuit court's order denying pretrial release and remand the case for a hearing to determine the least restrictive conditions of defendant's pretrial release. 2024 IL App (4th) 240589-U, ¶ 17 (majority opinion). We hereby find that the appellate court erred in so holding.

¶ 27 In construing a statute, this court's "primary goal is to ascertain and give effect to the intent of the legislature." *People v. Grant*, 2022 IL 126824, ¶ 24. The most reliable evidence of that intent "is the language of the statute itself, which must be given its plain and ordinary meaning." *Id.* "It is an elementary principle of statutory interpretation that no statute should be construed in a manner which will lead to consequences which are absurd, inconvenient, or unjust." *People v. Partee*, 125 Ill. 2d 24, 30-31 (1988). "In determining legislative intent, a court may consider not only the language of the statute but also the reason and necessity for the law, the problems sought to be remedied, the purpose to be achieved, and the consequences of construing the statute one way or another." *Lakewood Nursing & Rehabilitation Center, LLC*, 2019 IL 124019, ¶ 17.

¶ 28 Section 110-6.1(c)(2) provides, in pertinent part, that upon the filing of a petition to deny a defendant pretrial release, the circuit court

"shall immediately hold a hearing on the petition unless a continuance is requested. If a continuance is requested and granted, the hearing shall be held within 48 hours of the defendant's first appearance if the defendant is charged with first degree murder or a Class X, Class 1, Class 2, or Class 3 felony ***. The [c]ourt may deny or grant the request for continuance. If the court decides to grant the continuance, the [c]ourt retains the discretion to detain or release the defendant in the time between the filing of the petition and the hearing." 725 ILCS 5/110-6.1(c)(2) (West 2022).

Accordingly, section 110-6.1(c)(2) requires the circuit court, upon granting a continuance, to hold a pretrial detention hearing within 48 hours of the defendant's first appearance if the defendant is charged with offenses that are Class 3 or higher, as in the case *sub judice*.

¶ 29    "Once a violation [of a timing requirement] has been established, the court must determine the consequence of such violation." *People v. Ziobro*, 242 Ill. 2d 34, 43 (2011). In determining the consequence of violating a timing requirement, the court must first determine whether the requirement is "mandatory" or "directory." *Id.* This court has consistently relied on the mandatory-directory distinction to determine the consequences of noncompliance with a statutory requirement. *Grant*, 2022 IL 126824, ¶ 30; *People v. Geiler*, 2016 IL 119095, ¶ 16. The mandatory-directory distinction indicates whether the failure to comply with a specified procedural step will or will not invalidate a governmental action. *Id.*

¶ 30    "Whether statutory language is mandatory or directory is a separate question from whether a statute is mandatory or permissive." *People v. Ousley*, 235 Ill. 2d 299, 311 (2009). Addressing the mandatory-permissive question, " '[t]he term "mandatory" refers to an obligatory duty which a governmental entity is required to perform, as opposed to a permissive power which a governmental entity may exercise or not as it chooses.' " *People v. Robinson*, 217 Ill. 2d 43, 51 (2005) (quoting *Morris v. County of Marin*, 555 P.2d 606, 610 (Cal. 1977) (*en banc*)).

¶ 31    " 'By contrast, the "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' " *Id.* at 51-52 (quoting *Morris*, 555 P.2d at 610-11). Whenever "the mandatory-directory dichotomy is at issue the word 'shall' is not determinative," as there is no dispute that "shall" means "shall" and the requirement is obligatory. *Id.* at 54. The mandatory-directory dichotomy, which is at issue in this case, concerns the consequences of a failure to fulfill the obligation. *Id.* at 52.

¶ 32    In the mandatory-directory dichotomy, a timing requirement is mandatory if its underlying intent dictates a particular consequence for failure to comply, and it is directory, and no remedy is automatic, if no specific consequence is triggered.

*People v. Delvillar*, 235 Ill. 2d 507, 514-15 (2009). If the timing requirement is directory and no remedy is automatic, a defendant must show that its violation resulted in prejudice. *Ziobro*, 242 Ill. 2d at 45-46.

¶ 33    The law presumes that statutory language issuing a procedural command to a government official is directory, rather than mandatory, meaning that the failure to comply with a particular procedural step does not invalidate the governmental action to which the procedural requirement relates. *Lakewood Nursing & Rehabilitation Center, LLC*, 2019 IL 124019, ¶ 29; *Geiler*, 2016 IL 119095, ¶ 18. "The presumption is overcome and a provision is mandatory only if (1) negative language in the statute or rule prohibits further action in the case of noncompliance or (2) the right the statute or rule is designed to protect would generally be injured under a directory reading." *Geiler*, 2016 IL 119095, ¶ 18. With regard to the first exception, when a statute expressly prescribes a consequence for failure to obey its command or it uses negative language such as "no such ordinance shall take effect until," importing that the command shall not be executed in any other manner or time, the legislature likely intended the consequence to be mandatory. *Robinson*, 217 Ill. 2d at 54, 57-58. With regard to the second exception, a statute may be construed as mandatory "when the right the provision is designed to protect would generally be injured under a directory reading." *Delvillar*, 235 Ill. 2d at 517. If the requirement does not meet either of the two criteria, it is considered directory, and there is no particular consequence for noncompliance. *Grant*, 2022 IL 126824, ¶ 30. Whether a statutory obligation is mandatory or directory is a question of statutory construction subject to *de novo* review. *Geiler*, 2016 IL 119095, ¶ 17.

¶ 34    In this case, section 110-6.1(c)(2) does not specify a consequence for noncompliance with the timing requirement or contain negative language prohibiting detention or further action in the case of noncompliance. See *In re Application of the County Collector of Kane County*, 132 Ill. 2d 64, 74-75 (1989) (negative language that "no such ordinance shall take effect until 10 days" after publication established provision was mandatory, so failure to publish with required lead time voided ordinance and invalidated tax levy based on appropriation). It does not specify that the failure to comply with the timing requirement requires dismissal of the State's petition, defendant's release, or any other consequence as would render the rule mandatory. Compare *In re M.I.*, 2013 IL 113776, ¶ 20 (deeming 60-day requirement for holding hearing on extended

- 12 -

juvenile jurisdiction directory where statute did not prohibit late hearing or compel dismissal of motion if time limit breached), with 705 ILCS 405/5-415(3) (West 2022) (setting 40-hour limit for initial detention hearing and specifying that "[t]he minor must be released from custody at the expiration of the 40 hour period specified by this Section if not brought before a judicial officer within that period"). Consequently, the absence of any such language demonstrates that the 48-hour time limit is intended to be directory, rather than mandatory.

¶ 35    As for the second exception, the court must determine if the official's failure to follow the procedure will generally injure the right the procedure was designed to protect. See *Robinson*, 217 Ill. 2d at 56. In such an evaluation, the court "must first identify the right the statute was intended to protect." *Delvillar*, 235 Ill. 2d at 517. The court must consider the purpose behind the statute as a whole. See *Lakewood Nursing & Rehabilitation Center, LLC*, 2019 IL 124019, ¶ 19 ("[w]e begin by considering the nature and purpose of the Act as a general guide to the intent of the legislature in adopting particular language or provisions"); *Clark*, 2024 IL 130364, ¶ 15 ("When interpreting a statute, a court must 'view all provisions of an enactment as a whole,' taking care not to isolate words and phrases but reading them 'in light of other relevant provisions of the statute.' " (quoting *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000))).

¶ 36    Defendant argues that, because any delay beyond the 48-hour time limit would thwart only the liberty interest of a defendant and because his liberty interest would generally be injured under a directory reading, the timely hearing requirement of section 110-6.1(c)(2) is mandatory and the failure to comply with it required his pretrial release. Defendant argues that the only consequence for a section 110-6.1(c)(2) violation that would vindicate his rights is release from custody.

¶ 37    Defendant is incorrect in arguing that the only purpose of the Pretrial Fairness Act is to protect his liberty interest. The Pretrial Fairness Act aims to reform pretrial practices by eliminating cash bail and focusing on individualized assessments to ensure *both* public safety and fair outcomes, while ensuring that defendants are released pretrial unless there is clear and convincing evidence that they pose a risk of flight or a threat to others. 725 ILCS 5/110-2(e) (West 2022). The Pretrial Fairness Act was enacted to address the practice of detaining those charged with a crime who did not pose a threat to their community or a risk of flight but could not

- 13 -

afford to pay a money bail. *Id.* The Pretrial Fairness Act sets forth a detailed scheme that balances the interests of defendants and the safety of the community, and the General Assembly stressed both interests, stating that its provisions

> "shall be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means to reasonably ensure an eligible person's appearance in court, the protection of the safety of any other person or the community, that the person will not attempt or obstruct the criminal justice process, and the person's compliance with all conditions of release, while authorizing the court, upon motion of a prosecutor, to order pretrial detention of the person under Section 110-6.1 when it finds clear and convincing evidence that no condition or combination of conditions can reasonably ensure the effectuation of these goals." *Id.*

¶ 38    As Justice Doherty correctly noted in his dissent below, under the Pretrial Fairness Act, "both the rights of the accused and the rights of the community are at stake." 2024 IL App (4th) 240589-U, ¶ 29 (Doherty, J., dissenting). Thus, courts *always* have the obligation to consider the danger that a defendant poses to others and the community when deciding whether pretrial release is appropriate.

¶ 39    Section 110-6.1(c)(2)'s timing requirement ensures both that defendants entitled to release be timely released from custody and that defendants who satisfy the substantive criteria for detention continue to be detained to ensure the protection of any other person or the community from danger and the defendants' compliance with the criminal process. Accordingly, the general right that section 110-6.1(c)(2)'s timing requirement is designed to protect is the right to timely pretrial release for those nonviolent defendants who do not fall under the circumstances to detain but could not afford money bail. A strict mandatory construction of section 110-6.1(c)(2)'s timing requirement—allowing for mandatory release of dangerous persons charged with qualifying felonies without regard to public safety, even when the delay is minor—will not achieve the purpose of the statute. Instead, reading section 110-6.1(c)(2) as directory properly balances the dual purposes of the statute, encouraging prompt hearings while protecting victims and the community from the release of defendants whom the State can prove should be subject to detention. See generally *United States v. Montalvo-Murillo*, 495 U.S. 711, 718-22 (1990) (no remedy for untimely bond hearing based on concern for public safety and lack of

proportional relation between the delay and release). Moreover, allowing additional time beyond the 48 hours may at times benefit a defendant, ensuring that defendant has adequate time to obtain and review all relevant information. See *Lakewood Nursing & Rehabilitation Center, LLC*, 2019 IL 124019, ¶ 41. The rights the statute is designed to protect will not be injured by a directory construction. See *id.* ¶¶ 14-15.

¶ 40      Accordingly, neither of the exceptions to the presumption for a directory reading applies to section 110-6.2(c)(2). Section 110-6.1(c)(2) is, therefore, directory, and no specific consequence is triggered by noncompliance. A circuit court's failure to hold a timely hearing in violation of section 110-6.1(c)(2) does not result in automatic dismissal of the petition for pretrial detention. See *Ziobro*, 242 Ill. 2d at 43.

¶ 41      Nevertheless, although automatic dismissal is not an appropriate consequence for a violation of section 110-6.1(c)(2), defendant may still be entitled to relief if he can demonstrate he was prejudiced by the violation. *Geiler*, 2016 IL 119095, ¶¶ 24-25 (police department's failure to transmit defendant's citation to the circuit court clerk within 48 hours in violation of rule did not result in automatic dismissal of the citation); *Ziobro*, 242 Ill. 2d at 45 (defendant must show he was prejudiced to be entitled to relief for a violation of a directory rule).

¶ 42      The State argues that defendant does not and cannot argue that he was prejudiced by the brief delay in holding the detention hearing. Thus, the State argues, because the statute is directory and because defendant has not alleged, much less demonstrated, prejudice, he was not entitled to a remedy even if the hearing was late. See *Ziobro*, 242 Ill. 2d at 45-46. We agree. As noted by Justice Doherty in his dissent, defendant suffered "no loss in terms of [his] substantive rights on the issue of detention," only the very short delay in having those rights addressed. 2024 IL App (4th) 240589-U, ¶ 28.

¶ 43      In this case, defendant does not dispute that he is substantively subject to detention and does not contend that the hours-long delay prejudiced him. Thus, defendant does not require a remedy. See *Geiler*, 2016 IL 119095, ¶ 26; *Robinson*, 217 Ill. 2d at 60. Accordingly, the appellate court erred in holding that the appropriate remedy for a failure to comply with the timing requirements of section 110-6.1(c)(2) of the Code (725 ILCS 5/110-6.1(c)(2) (West 2022)) is to remand the

case to the trial court for the purpose of promptly holding a hearing to determine the least restrictive conditions of defendant's pretrial release that would reasonably ensure his appearance in court, his compliance with conditions, and the safety of the community. See 2024 IL App (4th) 240589-U, ¶ 17 (majority opinion) (citing *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 18).

¶ 44　　　It would undermine the purposes of the Pretrial Fairness Act to release defendant when the legislature intended section 110-6.1(c)(2) to be directory, the pretrial detention hearing was held less than three hours late, defendant did not alert the circuit court that it was required to set the hearing earlier in the day, and defendant does not allege he was prejudiced by any delay or dispute that he is substantively subject to detention. Because we reverse on this basis, we need not address the State's argument, which was not raised in its appellate memorandum or its petition for leave to appeal to this court, that although ostensibly untimely the hearing was held within the requisite 48 hours pursuant to the Statute on Statutes. See 5 ILCS 70/1.11 (West 2022).

¶ 45　　　　　　　　　　　　　　CONCLUSION

¶ 46　　　For the foregoing reasons, we reverse the judgment of the appellate court.

¶ 47　　　Appellate court judgment reversed.

¶ 48　　　Circuit court judgment affirmed.